IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PERRY LEE JENNINGS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-24-43 |
| C/O ALEXANDER, and SERGEANT CHARLES TUCKSON, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Perry Lee Jennings filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that officers used excessive force during his detention at the Montgomery County Correctional Facility ("MCCF"). ECF No. 1. Plaintiff then filed a court-directed Amended Complaint (ECF No. 4) against Defendants Ronald Alexander and Sergeant Charles Tuckson.[1] ECF No. 5. Defendants filed a motion to dismiss. ECF No. 12. Plaintiff was advised of his right to oppose the motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), ECF Nos. 14-15, but he has not done so.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' Motion to Dismiss will be denied.

---

[1] The Clerk will be directed to amend the docket to reflect the full name of Defendant Ronald Alexander. *See* ECF No. 12.

I. **Background**[2]

On December 6, 2023, at about 6 p.m., Plaintiff was in a holding cell at MCCF for booking and processing when Sergeant Tuckson and Officer Alexander asked him to provide fingerprints. ECF No. 5 at 4. Plaintiff lifted his head and indicated that he declined to provide the requested fingerprints. *Id*. Defendants returned a few moments later with more officers, who yelled at Plaintiff and pulled him. *Id*. As Plaintiff became scared and called for help, Officer Alexander and Sergeant Tuckson "began pulling, twisting, punching and kicking [him] all over [his] body." *Id*. Plaintiff heard Officer Alexander tell him to stop resisting, even though he was not resisting. *Id*. at 4-5. Following the assault, the officers handcuffed Plaintiff tightly and his right wrist began to swell. *Id*. at 5. Officer Alexander, Sergeant Tuckson, and the other officers dragged him to a restraint chair where he was tied up and left unattended for 5-6 hours, during which time he urinated on himself. *Id*. Plaintiff yelled for help, but no one came. *Id*. Plaintiff suffered bruises on his wrists and a small fracture to his right wrist, as well as minor cuts on his ankles. *Id*. He is awaiting surgery for the wrist fracture. *Id*.

II. **Standard of Review**

In reviewing the amended complaint in light of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2)); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

---

[2] Unless otherwise noted, the facts outlined here are those set forth in the Amended Complaint (ECF No. 5) and construed in the light most favorable to Plaintiff.

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.*  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

**III.   Analysis**

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim, or alternatively, that they are entitled to qualified immunity.  ECF No. 12.

**A.  Dismissal**

Defendants first argue that "[t]here is no legal basis to support Plaintiff's claim that the Fifth Amendment provides Plaintiff with the right to be free from 'cruel and unusual punishment/excessive force.'" ECF No. 12-1 at 4.  Defendants apparently rely on Plaintiff having written "5th Amendment to be free from cruel and unusual punishment/excessive force" on the Court's complaint form when asked to state the legal basis for his claim.  ECF No. 5.  There is, of

course, no Fifth Amendment right to be free from cruel and unusual punishment, but that right is governed by other amendments. Defendants either contend that the Amended Complaint should be dismissed on the basis of what is essentially a typo, or they ignore the Court's obligation to liberally construe pro se pleadings.  See *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Granting Defendants' Motion on the basis that Plaintiff cited the incorrect amendment would be erroneous.

Defendants next argue that Plaintiff has failed to state a claim of excessive use of force. ECF No. 12-1 at 8.  Because Plaintiff states that the incident took place during booking and processing, it appears that he was a pretrial detainee at the time. ECF No. 5 at 4.  Therefore, his claim is properly considered under the Fourteenth Amendment's due process clause.  ECF No. 28 at 5.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment[.]").  The Fourteenth Amendment due process clause protects pretrial detainees from "governmental action" that is not "rationally related to a legitimate nonpunitive governmental purpose" or that is "excessive in relation to that purpose." *Short v. Hartman*, 87 F.4th 593, 608-609 (4th Cir. 2023), *cert. denied*, No. 23-1097, 2024 WL 2883766 (U.S. June 10, 2024) citing *Kingsley*, 576 U.S. at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (internal quotation marks omitted).

To state a claim of excessive force in violation of his Fourteenth Amendment rights as a pre-trial detainee, a plaintiff may prevail upon evidence that "the use of force is deliberate – *i.e.*, purposeful or knowing." *Kingsley*, 576 U.S. at 395.  Plaintiff's claim need not detail a subjective element of his alleged assailant's subjective state of mind but "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97.  Objective reasonableness turns on the "facts and circumstances of each particular case." *Id.*

4

at 397 (quoting *Graham*, 490 U.S. at 396 (1989)).  To determine if the force used was reasonable, the following factors may be considered:  "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  *Kingsley*, 576 U.S. at 397.

Taking the *Kingsley* factors into account, the court finds that Plaintiff has adequately stated a claim that Defendants used excessive force.  *Kingsley*, 576 U.S. at 397.  Plaintiff alleges that both Defendants "began pulling, twisting, punching and kicking [him] all over [his] body," in response to his having declined to provide fingerprints upon request.  ECF No. 5 at 4.  He alleges that both Defendants "dragged [him] to a restraint chair where [he] was tied up and left unattended for 5 to 6 hours," and that he was left with a broken wrist.  *Id*. at 5.  Taken as true, these actions clearly amount to an excessive use of force in response to an inmate indicating that he would not provide fingerprints when asked to do so.

Defendants' argument that the entire Complaint must be dismissed because Plaintiff did not claim with specificity which Defendant took which particular action during the course of the incident is unavailing.  See ECF No. 12-1 at 6-8.  Likewise, their reliance on technicalities such as that "[t]here is no legal basis to construe moving an inmate to a restraint chair as utilizing excessive force" asks this Court to ignore common sense, much less its obligation to liberally construe Plaintiff's pleadings – the excessive force was quite obviously the restraint of Plaintiff, not the moving him to the restraint chair.  *Id*. at 8.  Plaintiff alleges that Defendants assaulted him, moved him to a restraint chair, restrained him in the chair, and left him unattended for five or six hours, all because he declined to provide fingerprints upon request.  No liberal construction is necessary; Plaintiff has stated a claim of excessive force against Defendants.

5

### B. Qualified Immunity

Defendants assert that if Plaintiff has stated a viable claim, they are entitled to qualified immunity because it was not clearly established at the time of the incident that their actions constituted an excessive use of force. ECF No. 12-1 at 9. The United States Court of Appeals for the Fourth Circuit has recently summarized the qualified immunity analysis.

> Officers are immune from liability "insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have been known." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). This standard leads to two questions: (1) whether any right was violated, (2) whether that right was "clearly established" at the time of the alleged violation. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).
>
> "[T]o conclude that a right is "clearly established," we must inquire whether an objectively reasonable officer in the defendant's shoes would "understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). We examine the alleged right at a "high level of particularity." *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999). . . But, by the same token, a rejection of excessive generality does not equate to an insistence on exactitude. Few situations are exactly the same and to require that plaintiffs produce identical precedent would transform qualified immunity into a grant of absolute immunity for defendants.

*Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025).

As discussed, the court finds that Plaintiff has adequately alleged a violation of a constitutional right, and the first prong of the qualified immunity analysis is therefore met. The second prong requires the court to determine whether Defendants should have known that their conduct constituted an excessive use of force at the time of their actions.

The Fourth Circuit has held that the use of excessive force analysis is the same under both the Fourth and the Fourteenth Amendment, because the standard for both is "objective unreasonableness." *See.Somers v. Devine*, 132 F.4th at 698 citing *Lombardo v. City of St. Louis*,

594 U.S. 464, 466 n.2 2021 ("Whatever the source of law, in analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the 'facts and circumstances of each particular case.'" (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). This Court finds that at the time Plaintiff was assaulted and restrained, there were sufficient Fourth Circuit cases putting Defendants on reasonable notice that their conduct was unlawful. *See Atkinson v. Godfrey*, 100 F.4th 498, 506 (4th Cir. 2024)( citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (to determine if the right was clearly established, the court is to consider decisions of the Supreme Court, the Circuit Court of Appeals, and the highest court of the state in which the case arose).)

In Fourth Amendment excessive force cases, the Fourth Circuit has consistently applied the *Graham* factors to determine if there has been an excessive use of force. Specifically "an officer must carefully measure the force used to respond to the particulars of a case including the wrongdoing at issue, the safety threat posed by the suspect, and any attempt to evade arrest or flee." *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 186 (4th Cir. 2018)( citing *Graham*, 490 U.S. at 396.) *E.W.* involved the handcuffing of a calm and complaint child at school resulting in de minimis injury, although there was probable cause for arrest. The Fourth Circuit granted qualified immunity to the officer, holding it was not clear at the time that the officer's use of handcuffs would be considered excessive force, and stated "our excessive force holding is clearly established for any future qualified immunity cases involving similar circumstances." *Id.* at 186-187.

In *Brooks v. McKimmie*, No. CV DLB-23-0208, 2025 WL 1018882, at *13 (D. Md. Apr. 4, 2025), the district court denied qualified immunity to the defendant based on well-established Fourth Circuit caselaw that "it is objectively unreasonable for a police officer to apply additional force once an unarmed suspect is secured." In doing so, the court cited to *Kane v. Hargis,* 987 F.2d

7

1005, 1008 (4th Cir. 1993) (per curiam) (it was clearly established that once a suspect is pinned to the ground the officer should not use additional force); *Valladares v. Cordero,* 552 F.3d 384, 390–91 (4th Cir. 2009) (it was clearly established that an officer could not use "unnecessary, gratuitous, and disproportionate" force after the officer had the plaintiff "under full control."); and *Bailey v. Kennedy*, 349 F.3d 731, 745 (4th Cir. 2003) (it was clearly established that the officers could not use force after the plaintiff was secured face down on the floor in handcuffs and leg restraints, when the plaintiff had not committed a crime and he was not a danger to himself or others). *See also Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017) (qualified immunity granted where suspect resisted arrest causing the officer to take him to the ground to be handcuffed resulting in de minimis injury).

The facts alleged in the Amended Complaint are that Plaintiff declined to be fingerprinted and was subsequently assaulted, placed in tight handcuffs, and left alone in a restraint chair for hours. While Plaintiff acknowledges that he did not cooperate with being fingerprinted, he contends that he did not otherwise resist during the entire episode. In fact, Plaintiff alleges that he merely "lifted [his] head and declined" when Defendants "asked if [he] would do [his] fingerprints." ECF No. 5 at 4. Accordingly, Defendants' argument that they reasonably believed that assault, handcuffing, and restraint for hours is a constitutionally reasonable manner in which to gain compliance for fingerprinting is not persuasive. The Court concludes that Defendants are not entitled to qualified immunity as they were on reasonable notice that their actions in assaulting Plaintiff and subsequently restraining him under the circumstances alleged were unlawful. The qualified immunity defense will be denied at this stage of the case. Defendants, of course, will be free to re-raise the defense as the case proceeds.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is denied. Defendants will be required to Answer the Amended Complaint. A separate Order follows.

| | |
|---|---|
| July 17, 2025 | /s/ |
| Date | Stephanie A. Gallagher<br>United States District Judge |